# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CALVIN L. JARRETT,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0984**  (BOR Appeal No. 2045375)
                    (Claim No. 2008041082)

**HANOVER RESOURCES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Calvin L. Jarrett, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hanover Resources, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 3, 2011, in which the Board affirmed a November 19, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 12, 2010, denial of Mr. Jarrett's request for binaural digital amplification to treat his prior-held 4.75% hearing loss impairment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jarrett was employed by Hanover Resources, LLC from March 4, 2006, through September 11, 2006, as a truck and equipment operator. In the course of his employment he was exposed to loud noises. Following his employment, Mr. Jarrett received an audiological evaluation by Dr. Beasley, on March 3, 2008, who diagnosed Mr. Jarrett with moderate to severe sensorineural hearing loss and recommended binaural digital amplification. Based on Dr. Beasley's evaluation, on June 12, 2008, the claims administrator granted Mr. Jarrett a 4.75% permanent impairment for noise induced hearing loss. The next year, on June 27, 2009, Mr.

1

Jarrett was reevaluated by Dr. Beasley. Dr. Beasley stated that Mr. Jarrett's hearing impairment was 10.5% and resubmitted the request for binaural digital amplification. The claims administrator denied the request, leading to this appeal.

Although West Virginia Code § 23-4-3(a)(1) (2005) requires that the claims administrator cover services and treatments which are medically and reasonably related to a compensable injury, for a compensable hearing loss claim, the claims administrator is not required to reimburse for hearing aids unless the claimant has been diagnosed with "5% or greater permanent industrial hearing loss impairment." West Virginia Code of State Rules § 85-20-47.11 (2006). The Office of Judges, in its Order of November 19, 2010, considered the recommendation of Dr. Beasley, but, in light of the brevity of Mr. Jarrett's employment at Hanover Resources and the significant length of time since his employment, the Office of Judges found that any increase in Mr. Jarrett's hearing loss was not due to compensable work-related factors. The Office of Judges was persuaded by the report of Dr.Wallace who opined that it is unlikely that Mr. Jarrett's increased hearing loss during a period when he was not employed would be related to his brief employment at Hanover Resources. The Office of Judges further found that, since Mr. Jarrett should not be awarded any additional impairment rating above 4.75%, he did not meet the criteria for reimbursement for hearing aids under West Virginia Code of State Rules § 85-20-47.11.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on June 3, 2011.

We agree with the Office of Judges' reasoning. Since the increase in Mr. Jarrett's impairment rating occurred during a period when he was not employed or exposed to industrial noise, and Mr. Jarrett presents no evidence which tends to show a causal link between the increased hearing loss and his compensable injury, the Office of Judges was not clearly wrong to not adopt Dr. Beasley's impairment recommendation. Additionally, the Office of Judges correctly determined that the claims administrator was not required to reimburse Mr. Jarrett for hearing aids because his impairment rating was below the regulatory minimum. The Board of Review was not clearly wrong to adopt the Office of Judges findings and affirm the November 19, 2010, Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED:** **May 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3